IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CR-00008-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| KIMBERLY RENEE BRINKMAN, | |
| Defendant. | |

This matter comes before the court on Defendant Kimberly Renee Brinkman's ("Brinkman") Request [Motion] for Early Termination of Federal Probation Case [DE 46]. Brinkman seeks an order terminating her supervised release pursuant to 18 U.S.C. § 3583(e)(1), and argues that such termination is warranted by her compliant conduct and "commitment to leading a responsible and lawful life." *Id.* at 2.

The court ordered that the United States file a response to the motion on or before October 16, 2023. DE 47. The United States did not comply and filed a response brief on October 30, 2023, without seeking leave to do so. *See* DE 49. The court will not consider the late-filed brief.

The court concludes that Brinkman has failed to demonstrate that her supervised release should be terminated at this time. Thus, the motion is denied.

I.  **Background**

On February 19, 2020, Brinkman pled guilty to a Criminal Information alleging that Brinkman "did knowingly and intentionally combine, conspire, confederate and agree with other persons, to distribute and possess with the intent to distribute one hundred (100) kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code,

Section 841(a)(l)" (*see* DE 1), based on the following allegations. Defendant and her husband, James Brinkman, were identified as a source of supply for hundreds of pounds of marijuana sold per month between March 2016 and November 2017. DE 26. On November 6, 2017, Defendant and her husband were arrested during a controlled purchase; a search of the vehicle revealed seven large duffel bags containing 197 kilograms of marijuana, two kilograms of hashish, and $67,814.00 in U.S. currency. *Id.* Three days later, police observed and stopped Defendant's brother, who had entered Defendant's residence and exited with a standing floor safe; a search of the safe revealed, inter alia, $75,000.00 in U.S. Currency and 64.3 grams of marijuana. *Id.* Defendant was found to be accountable for the possession and distribution of more than 1,500 kilograms of marijuana; however, she pled guilty pursuant to a plea agreement to less than 400 kilograms of converted drug weight. *Id.*

On September 10, 2020, Brinkman was sentenced to twenty-one months in custody followed by a two-year term of supervised release. DE 35. The court imposed multiple conditions on Brinkman's release, including participating in mental health treatment, consenting to warrantless searches, refraining from opening lines of credit without prior approval, and providing the probation office with requested financial information. *Id.* Brinkman states that she was released from custody (prison and home confinement) in June 2022 and asserts that she has been compliant with all conditions of her supervision since her release. Mot., DE 46.

Brinkman contends that she has maintained steady employment since 2019 with All Florida Enterprises, has been dedicated to her job responsibilities and committed to her personal growth, and is determined to "continue contributing positively to her faith, family, workplace, and community." *Id.* Brinkman "humbly requests" early termination of her supervised release term,

2

Case 5:20-cr-00008-M   Document 50   Filed 11/01/23   Page 2 of 6

given her "consistent adherence" to the terms of her sentencing and desire to lead a "responsible and lawful life." *Id.*

## II. Legal Standards

In determining a particular sentence to be imposed, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). In addition, under 18 U.S.C. § 3583(d), the court may order any condition of supervised release so long as the condition "(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); and (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d).

The court may, after considering the § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The decision whether to terminate supervised release is left to the court's discretion. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

## III. Discussion

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C.

3

2010). In deciding whether to terminate a term of supervised release, the court must first consider whether the defendant's conduct warrants early termination. 18 U.S.C. § 3583(e)(1). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Full compliance with the conditions of supervised release are expected of the defendant. *Id.* at 652. Thus, compliant and apparently unblemished conduct, while commendable, is not enough on its own to warrant early termination. *Id.*

Here, Brinkman asserts that she has been compliant with all conditions since her release from prison in 2022. Brinkman claims to have complied with, and has never received a violation for not following, the terms of her release. Even if true, however, Brinkman's compliant conduct alone does not constitute sufficient grounds for early termination. The terms of Brinkman's supervision were established to hold her accountable for her offenses, deter her from committing further offenses of the same nature, and protect those in the community around her. Brinkman is expected to comply with the conditions of her release for the entirety of its duration. Moreover, she is expected to be employed and pay all outstanding financial obligations of her sentence. Mere compliance for approximately half of a two-year release period does not qualify as exceptionally good behavior that renders the release conditions too harsh or inappropriately tailored to meet the goals of § 3553(a). The court finds that Brinkman's demonstrated conduct is insufficient to warrant early termination from supervision.

As set forth above, a court may terminate supervised release if it also finds that justice warrants termination. *Pregent*, 190 F.3d at 283. The use of the conjunction "and" in the language of the statute indicates that an early termination must be warranted by *both* the defendant's

4

behavior and by the interest of justice. *Id.* The phrase "interest of justice" gives the court latitude to consider a broad range of factors that serve to protect and promote the purposes of the release, such as the criminal background of the defendant, the severity of the original offense, and any threat posed to the public. *See id.* (citing the factors in 18 U.S.C. § 3553(a)). If, in weighing these factors, the court finds that supervision is needed to protect the interests of justice, the court must deny the termination request. *See id.*

Although the court need not proceed to do so here, it finds that justice does not warrant an early termination of supervision. Brinkman's history of criminal behavior is concerning. The conduct Brinkman engaged in—the sale of substantial amounts of a controlled substance over a significant time period—is serious in nature and dangerous to the community. After she was caught, she attempted to hide from law enforcement an amount of additional controlled substances and $75,000, the (likely) proceeds from prior drug sales. The conditions of Brinkman's release, including that she refrain from possessing controlled substances, consent to warrantless searches, and seek approval for certain financial transactions, were imposed in an effort to prohibit Brinkman from repeating such criminal behavior and to safeguard the community. The court must uphold these conditions to meet § 3553(a) goals. Therefore, Brinkman's history and characteristics and the nature of her offense, combined with the need for deterrence and protection of the public, lead to the conclusion that the interest of justice would best be served by continuing Brinkman on supervised release. This ensures a more appropriate period during which she may continue any mental health counseling/treatment while being deterred from recommitting a serious crime, and protects the community from any criminal behavior.

## IV. Conclusion

The court has discretion in determining whether to terminate a supervised release before its expiration. Here, the court has considered the motion, the record, and the relevant factors established in § 3553(a) and finds that Brinkman has not shown that her conduct, while commendable, makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve general punishment goals." She also fails to demonstrate that termination of her supervised release at this time would be in the "interest of justice." Accordingly, the motion for early termination [DE 46] is DENIED.

SO ORDERED this 31st day of October, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE